IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMARKIS ISHAEL JENKINS, AIS 329863, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:22cv486-MHT-SMD ) (WO) |
| TYLER W. NORMAN, *et al.,* | ) ) |
| Defendants. | ) ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 15, 2022, DeMarkis Ishael Jenkins, at the time an inmate at the Kilby Correctional Facility, filed this 42 U.S.C. § 1983 action alleging violations of his constitutional rights. (Doc. 1.) Although Jenkins submitted a motion for leave to proceed *in forma pauperis* (Doc. 2), he submitted no information regarding his inmate account at Kilby so that the court could determine if he should be allowed to proceed *in forma pauperis*. On August 16, 2022, the court issued an order advising Jenkins that his case could not proceed absent his submission, by August 31, 2022, of his inmate account statement from Kilby reflecting the average monthly balance in his prison account and the average monthly deposits to his account for the six-month period immediately preceding his filing of his complaint. (Doc. 3.) The court specifically cautioned Jenkins that his failure to comply with its order would result in a recommendation that his case be dismissed. (Doc. 3 at 2.)

The August 31, 2022 deadline passed without Jenkins's submission of his inmate account statement as directed in the court's August 16 Order. On October 3, 2022, Jordan filed a response to the August 16 Order in which he stated he didn't "have the information needed" to submit his inmate account statement. (Doc. 4 at 1.) Because it appeared Jenkins was indicating a need for additional time to obtain and submit his inmate account information, the court issued an order on March 6, 2023, granting Jenkins until March 20, 2023, to submit his inmate account statement. (Doc. 5.) The court cautioned Jenkins (as it had before) that his failure to comply with its order would result in a recommendation that his case be dismissed. (Doc. 5 at 2.) To date, Jenkins has neither complied with nor responded to the court's March 6 Order.

Because Jenkins has failed to comply with the court's orders by submitting his inmate account information after being allowed additional time to do so, the undersigned concludes that this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, the undersigned finds that sanctions lesser than

dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

And it is ORDERED that Plaintiff shall file any objections to this Recommendation **by May 2, 2023**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) bars a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of April, 2023.

                                      /s/  Stephen M. Doyle
                                      STEPHEN M. DOYLE
                                      CHIEF U.S. MAGISTRATE JUDGE